CUYAHOGA COUNTY BAR ASSOCIATION *v.* KEHN.

[Cite as *Cuyahoga Cty. Bar Assn. v. Kehn,* **112 Ohio St.3d 547, 2007-Ohio-809.**]

(No. 2006–1925—Submitted November 29, 2006—Decided March 14, 2007.)

**Per Curiam.**

{¶ 1} Respondent, James M. Kehn of Lyndhurst, Ohio, Attorney Registration No. 0013316, was admitted to the practice of law in Ohio in 1971.

{¶ 2} On June 12, 2006, relator, Cuyahoga County Bar Association, charged respondent with professional misconduct involving violations of DR 1–102(A)(6)

(prohibiting a lawyer from engaging in conduct that adversely reflects on his fitness to practice law) and Gov.Bar R. V(4)(G) (requiring a lawyer to cooperate in disciplinary proceedings). Respondent was served with the complaint but did not answer, and relator moved for default pursuant to Gov.Bar R. V(6)(F)(1). A master commissioner appointed by the Board of Commissioners on Grievances and Discipline granted the motion and made findings of fact, conclusions of law, and a recommendation. The board adopted the master commissioner's findings of misconduct and recommended sanction.

## Misconduct

{¶ 3} The board found respondent in violation of both DR 1–102(A)(6) and Gov.Bar R. V(4)(G) because he had failed to comply as promised with bar association procedures to resolve his fee dispute with a former client and to respond during relator's investigation of the allegations against him.

{¶ 4} This cause initially came before the board as a grievance from Gregory Triplett, whom respondent had represented after Triplett sustained injuries in a motorcycle accident. The personal-injury case was settled, but Triplett claimed that respondent had failed to pay various medical expenses from the settlement proceeds as they had agreed. Triplett filed a grievance, but the board did not find probable cause for issuing a formal complaint on the grievance at that time. The board determined that underlying the grievance was a fee dispute that respondent and Triplett could resolve by mediation or other dispute-resolution alternatives available through relator's lawyer/client relations committee.

{¶ 5} Attempts to mediate the fee dispute were unsuccessful, and respondent and Triplett agreed to submit the dispute to arbitration. Pursuant to that election, the chairman of the lawyer/client relations committee scheduled an arbitration proceeding for August 30, 2005, but rescheduled it when respondent represented that he would be unable to attend. Despite this representation, respondent inexplicably showed up for the August 30 arbitration. Then, when the arbitration was rescheduled for September 8, 2005, respondent failed to appear, claiming that he did not have effective notice.

{¶ 6} The arbitration was rescheduled again, this time for November 11, 2005, and all parties were provided notice by letter dated October 13, 2005. Respondent again did not appear. As a result, the arbitration panel awarded Triplett $10,177.87, the amount of the expenses that he claimed respondent failed to pay. In a letter dated December 3, 2005, Triplett's new attorney asked that respondent comply with the arbitration award. Respondent did not comply.

{¶ 7} The chairman of the lawyer/client relations committee referred the matter of respondent's failure to cooperate and comply with the arbitration proceedings to relator's certified grievance committee for investigation. Around

December 7, 2005, relator assigned an investigator to the Triplett case. Respondent wrote to the investigator on January 23, 2006, incorrectly observing that relator was attempting to pursue the same claims in the second investigation that it had in response to Triplett's original grievance. According to respondent, res judicata thus operated to preclude the new investigation. Relator did not agree.

{¶ 8} On January 27, 2006, the investigator sent a letter of inquiry by certified mail to respondent in an attempt to learn why respondent had not complied with the arbitration award. Respondent received the letter on January 30, 2006, and promptly wrote back, agreeing to meet with the investigator when convenient. On February 6, 2006, the investigator left a voicemail for respondent, urgently asking respondent to return his call. The next day, the investigator faxed a letter to respondent, again asking respondent to contact him immediately. Respondent never did.

{¶ 9} At some point, Triplett and his attorney filed a complaint in Cuyahoga County Common Pleas Court for an order to confirm the arbitration award. Respondent answered and filed a counterclaim, asserting as an affirmative defense that the board decision not to issue a formal complaint was res judicata and prevented confirmation of the November 11, 2005 arbitration award.

## Recommended Sanction

{¶ 10} In recommending a sanction for respondent's misconduct, the board weighed the mitigating and aggravating factors of his case. See Section 10 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg.").

{¶ 11} Adopting the master commissioner's report, the board found that respondent had no prior disciplinary record, a mitigating factor under BCGD Proc.Reg. 10(B)(2)(a). The board further found that respondent had failed to cooperate in the disciplinary process, had refused to acknowledge the wrongful nature of his conduct, and had not made restitution, all aggravating factors under BCGD Proc.Reg. 10(B)(1)(e), (g), and (i).

{¶ 12} Relator did not specify which sanction it felt should be imposed for respondent's misconduct. "In light of the single offense resulting in actual prejudice to the client and to the administration of justice, and because of Respondent's failure to cooperate in the disciplinary investigation, and his failure to make restitution," however, the master commissioner recommended that respondent receive a six-month suspension from the practice of law, with the suspension stayed on the condition that respondent comply with the November 11, 2005 arbitration award. The board adopted that recommendation.

{¶ 13} Upon review, we agree that respondent violated DR 1–102(A)(6) and Gov.Bar R. V(4)(G) and that a six-month stayed suspension is appropriate.

{¶ 14} Respondent is therefore suspended from the practice of law in Ohio for six months; however, the suspension is stayed on the condition that respondent comply with the November 11, 2005 arbitration award within 60 days of our order. If respondent fails to comply with the condition of the stay, the stay shall be lifted, and respondent shall serve the entire six-month suspension. Costs are taxed to respondent.

Judgment accordingly.

Moyer, C.J., Pfeifer, Lundberg Stratton, O'Connor, O'Donnell and Lanzinger, JJ., concur.

Cupp, J., not participating.

_____

McDonald Hopkins Co., L.P.A., and Steven L. Gardner; Law Office of Andrea L. Burdell–Ware, and Andrea L. Burdell–Ware; and Ellen S. Mandell, bar counsel, for relator.